IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAJOR O. HARDEN,** | : |
| **Plaintiff,** | : |
| | : |
| v. | :     **CIVIL ACTION NO. 25-CV-4976** |
| | : |
| **C.O. NEAL,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

AND NOW, this 6th day of October, 2025, upon consideration of Plaintiff Major O. Harden's Motion to Proceed *In Forma Pauperis* (ECF No. 3), Prisoner Trust Fund Account Statement (ECF No. 4), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Major O. Harden, #NX-3182, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Smithfield or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Harden's inmate account; or (b) the average monthly balance in Harden's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Harden's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Harden's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Smithfield.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum:

   a. Harden may proceed at this time **only** on his conditions-of-confinement claim concerning a denial of drinking water against C.O. Heard.

   b. All claims based on the handling of grievances are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   c. All other claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

6. The Clerk of Court is **DIRECTED** to send Harden a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

7. Harden is given thirty (30) days to file an amended complaint in the event he seeks to amend the claims that have been dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Harden's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 25-4976. If Harden files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Harden's's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. **This means that if Harden files an**

**amended complaint and still seeks to proceed on his conditions-of-confinement claim against C.O. Heard he must reassert the facts giving rise to that claim in the amended complaint or the Court will conclude that he has abandoned them**. When drafting his amended complaint, Harden should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.   If Harden does not file an amended complaint the Court will direct service of his initial Complaint on C.O. Heard **only**. Harden may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Harden is reminded to include the case number for this case, 25-4976.

9.   The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

_____
GAIL A. WEILHEIMER, J.

3